# Collins *v.* Lynch, Appellant.

*Adverse possession—Husband and wife—Presumption—Statute of limitations.*

The presumption that where husband and wife live together upon land, the possession is that of the husband, may be rebutted by showing that the wife acquired the right of possession by purchase from her father.

A trespasser upon land who had not acquired title by adverse possession, sold and transferred his possession to his daughter by an instrument in writing. There was evidence that the daughter, a married woman, took possession, and continued to hold the land for over fifty years. About twenty-two years after the daughter went into possession of the land ejectment was brought by the record owners against her husband, and a verdict rendered in their favor. Judgment was apparently not entered upon the verdict, and the wife remained undisturbed in the possession of the land. Subsequently the land was sold under a judgment against the wife, and was bought in by her daughter, who after her mother's death took possession of the land. In an action of ejectment against the daughter, the court charged that the circumstances were not sufficient to overcome the legal presumption that the possession of a husband and wife in joint occupancy of premises as a home was the possession of the husband. *Held*, that the case should have been submitted to the jury to determine whether or not the presumption was overcome.

Argued April 14, 1893. Appeal, No. 360, Jan. T., 1893, by defendant, Sarah A. Lynch, from judgment of C. P. Luzerne Co., March T. 1889, No. 86, on verdict for plaintiff, John Collins. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and THOMPSON, JJ.

Ejectment. Before RICE, P. J.

At the trial, defendant introduced evidence which tended to show that prior to 1827 John Shepherd was in possession of the land in controversy as a trespasser, and that he had not acquired title by adverse possession. On Jan. 10, 1827, by an instrument in writing he sold and transferred his possession to his daughter, Sally Ann Collins, the wife of William Collins. Mrs. Collins and her husband went to live on the land, and Mrs. Collins lived there continuously until her death on May 2, 1879. William Collins died either in 1857 or 1859. In 1853, an ejectment was brought against William Collins and Truxton Benedict for the land in question, and a verdict was rendered against William Collins on Dec. 2, 1859. No judgment was entered upon the verdict and no change of possession of the land took place in consequence of these proceedings. In 1872, four of the children of Sally Ann Collins, viz.: Jacob A. Collins, William Collins, John Collins and the defendant, Sarah A. Lynch, bought the record title. In 1885, the land was sold under a judgment against Sally Ann Collins and was bought in by the defendant.

Plaintiff offered in evidence the record of the ejectment, Charles Wurts v. William Collins and Truxton Benedict, to show that an action of ejectment was begun against William Collins for the whole of the Jesse Fell tract of land in 1853, and that a verdict was rendered for the plaintiff and against the defendant, William Collins, for the land described in the writ, showing that the possession of the Collins, was not peaceable and quiet for the length of time required by law. Also for the purpose of showing, it appearing in evidence now that the claim of Sally Ann Collins is for the Jesse Fell tract, this suit also having been for the same tract, and the verdict having been in favor of the plaintiff and against William Collins in that action, that it is a bar to the defendant's recovery in this present suit. For the purpose also of showing that the title

or claim under which Sarah Lynch claims title was not adverse and peaceable, but was contested and disputed and successfully defended against. Defendant's counsel objected to the evidence proposed as not evidence for the purpose stated. Objection overruled, evidence admitted and bill sealed. [2]

Plaintiff also offered in evidence the record of the ejectment, E. B. Sturges et al. v. Enos Collins and Sarah Ann Collins, for the land in dispute, exit Sept. 23, 1878 ; summoned and service sworn to. Offered for the purpose of showing that Sarah Ann Collins' possession was not adverse and peaceable, and for the purpose of showing that Sarah A. Lynch joined as a plaintiff in this action against her mother, the party under whom she now claims, and that she cannot set up a contrary title now for the purpose of defeating the plaintiff in this action. Objected to as not competent for the purpose proposed. The Court: We will admit the testimony. We think it admissible as bearing at least upon the question of Sally Ann Collins' possession. Bill sealed for defendant. [3]

Plaintiff offered in evidence in rebuttal the lease between J. A. Collins, R. T. Bliss et al., and J. M. Armstrong and wife, for the purpose of affecting the possession of Sally Ann Collins, under whom Sarah Lynch, or Sarah Armstrong, claims title, for the purpose of showing that at one time the defendant in this suit admitted by signing this lease, or assenting to its being signed for her, that the title was not in Sarah Ann Collins. Also for the purpose of estopping her from setting up any outstanding title contrary to this instrument. Also for the purpose of contradicting the witness, Sarah Lynch. Objected to as not competent evidence for the purpose proposed. Admitted and bill sealed. [6]

The court charged in part as follows :

" [The first inquiry is, What was the nature and character of the possession of Sally Ann Collins during the lifetime of her husband ? Presumptively, owing to the legal relation of husband and wife, she had no possession distinct from that of her husband, and therefore acquired no title by possession during his lifetime. Her possession was his possession, and, upon his death, his title by possession, if one had been acquired in that way during their joint occupancy of the premises, would descend to his heirs. We say presumptively this would be the

nature of the possession in the absence of any evidence to show that William and Sally Ann held the possession in her right exclusively. The defendant has put in evidence a paper purporting to have been executed in January, 1827, whereby John Shepherd, the father of Sally Ann Collins, conveyed to her his possessory right in the Jesse Fell tract. Without stopping at this time to comment on the question as to the definiteness of this paper, or as to its genuineness, we instruct you, in the first place, that this paper did not give title to the land, because it does not appear that John Shepherd had any title to convey. In the second place, it is not evidence that John Shepherd had any possession or possessory right as against the holders of the recorded paper title;—it does not show that he had any possession of the premises which was transferred to her, to which her possession was tacked. In other words, it does not show that her title by possession, if she has acquired one, had its inception at an earlier date than when she went into the actual occupancy of the premises. In the third place, if the paper is genuine, it is evidence to show the nature and extent of her claim, and, in connection with the oral evidence of witnesses of her declarations while in possession of the land, would tend to show that she claimed to hold possession of the land in her own right, and not in that of her husband. But, on the other hand, while there was some attempt to show that her husband, William Collins, had little to do with the farming operations there, it does appear that he did work upon the land, that he worked at his trade, that he exercised the ordinary acts of ownership which a man does exercise in possession of such property, and it does not appear, so far as we recollect, in the testimony, that he assented to this exclusive claim, set up by his wife. On the contrary, if the testimony of Jacob Weaver, a son-in-law, and a witness called by the defendant, is to be believed, William Collins claimed the land in his own right under a purchase from Henry Drinker, or under some arrangement with Henry Drinker, whatever that may be. In view of this and the other testimony in the case, we instruct you that the circumstances are insufficient to overcome the radical, legal presumption that the possession of a husband and wife, in joint occupancy of premises as a home, is the possession of the husband. This being so, it follows that Sally Ann Collins acquired no title by possession, prior to the title of her husband.] [1]

" If Sally Ann Collins did not acquire title by adverse possession during the lifetime of William, did she acquire title by adverse possession after his death? It is claimed on the part of the defendant that she did, and that is the question of fact which we purpose to submit to you; namely, was she for twenty-one years after the death of her husband in the actual, adverse, exclusive, uninterrupted, notorious possession of the premises for twenty-one years? That she was in possession from the time of the death of her husband until the time of her own death is undisputed; but it is claimed, in the first place—and this we submit to you as a question of fact—that there was not twenty-one years of time between the death of her husband and her own death; and it is contended, in the second place, that her possession was not exclusive of the owners of the Wurts title. If the defendant resided upon the premises during the same period of time, if she was there under her mother, recognizing her mother's claim, then that would not interfere with the exclusiveness of the possession of Sally Ann Collins. [But if during this period between the death of William Collins and the death of Sally Ann Collins, Sarah Ann Lynch was in possession claiming under the Wurts title, it would have the effect of breaking the continuity and exclusiveness of the possession of her mother. This will require you to consider the testimony with regard to the nature of the possession of Sarah Ann Lynch during that period of time. For it does appear that in 1872, she, with three of her brothers, took a deed for the Wurts title, which was recorded. It appears also that in 1878 an action of ejectment was brought by these same parties against the mother, Sally Ann Collins. While the bringing of the action of ejectment would not of itself break the continuity of the possession of Sally Ann Collins, it is, nevertheless, a fact to be considered by the jury in determining what was the nature of the claim which Sarah Ann Lynch was setting up whilst she was in possession; and, of course, you will take into consideration her testimony, denying any knowledge of that suit or authority to bring it. If she authorized the suit to be brought—and presumptively she did—then it would be a fact bearing upon that question as to whether or not she herself was in the actual possession of the premises, or a portion of them at least, under this Wurts title, and thus adversely to the possession of her mother.] [4]

" [So also you will take into consideration the testimony as to this lease that has been offered in evidence. If, when it was presented to her, she refused to sign it, to have anything to do with it, or to recognize the claim which was made under it, then it ought not to have any bearing in your consideration of the question. If, however, this lease which purported to be a lease of the land under the Wurts title, recognizing the title which they had bought from Wurts' estate—if when that was presented, she acquiesced in its execution by John M. Armstrong, in the manner that it was executed, it would be a circumstance tending to show the nature of her possession during that period of time.] [7]

" You will inquire then, whether or not from the time of the death of William Collins until the death of Sally Ann Collins, there was a period of twenty-one years, and whether or not Sally Ann Collins was during that time in the actual, adverse, notorious, open, exclusive possession of the premises. If she was, then she acquired title to the premises, which was subsequently acquired by the defendant by virtue of the sheriff's sale. If she was not, then she had not such title as would pass by that sale, and your verdict should be for the plaintiff."

Defendant's points were among others as follows :

" That the action of ejectment in 1878, by the purchasers of the Wurts title, against Sally Ann Collins, if it was authorized by Sarah Lynch and had any effect at all as to possession, it would be an admission upon her part that the possession was in Sally Ann Collins. *Answer:* It would undoubtedly be an admission that Sally Ann Collins was in possession—an admission for the purposes of that suit—but it would not prove that she herself was not in possession as against the actual fact that she was, as proved by the testimony in this case." [5]

" 2. If the jury find that Sally Ann Collins went into possession of the land under a transfer from her father and continued the same uninterruptedly, claiming the same as her own, for a period of twenty-one years prior to 1853, the time of the ejectment against her husband and Truxton Benedict, then her title by possession would be complete and would not be affected by the said ejectment. *Answer:* This point is answered in the negative, for reasons that we have already given." [8]

" 3. If the jury find that she thus took possession claiming

in her own right, and continued the same thus for the term of twenty-one years, her title would not be destroyed by the claims or acts of her husband made or done without her assent." Refused. [9]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 4, 5, 7, 8, 9) instructions, and (2, 3, 6) rulings; quoting instructions and bills of exceptions.

*A. Ricketts, Alexander Ricketts* with him, for appellants.— Plaintiff cannot recover but upon the strength of his own title: Roe d. Haldane & Urry v. Harvey, 4 Burrows, 2484; Welker v. Coulter, Add. 390; Covert v. Irwin, 3 S. & R. 283; Lehman v. Howley, 95 Pa. 300.

The statute of March 26, 1785, bars the right of a plaintiff to make entry, or to maintain a possessory action, after an adverse possession of twenty-one years: Kennedy v. Skeer, 3 Watts, 95; Hole v. Rittenhouse, 25 Pa. 491; Burford v. McCue, 53 Pa. 427.

The court below speaks of the fact that the husband worked upon the place when at home, as though that destroyed the possessory title of his wife acquired from her father. It is to be borne in mind that a title to land by possession is a title to realty, and is to be considered and treated as such, the same as a title acquired in any other way. It is simply inchoate during any period short of twenty-one years. And in view of the rulings of this court as to the effect of such action of the husband, in many and varied cases, in which the question has been presented, this ruling of the court below was clearly erroneous: Rush v. Vought, 55 Pa. 437; Brown v. Pendleton, 60 Pa. 419; Musser v. Gardner, 66 Pa. 242; Silveus's Exrs. v. Porter, 74 Pa. 448; Seeds v. Kahler, 76 Pa. 262; Holcomb v. Savings Bank, 92 Pa. 338; Troxell v. Stockberger, 105 Pa. 405; Shuster v. Kaiser, 111 Pa. 215.

The court below speaking of the conveyance of his possessory title by John Shepherd to his daughter, says " we instruct you in the first place, that this paper did not give title to the land, because it does not appear that John Shepherd had any title to convey." We submit that this instruction was at variance with the law as set forth by the court in Overfield v.

Christie, 7 S. & R. 173 ; Mercer v. Watson, 1 Watts, 330, 338 ; Parker v. Southwick, 6 Watts, 377 ; Graffius v. Tottenham, 1 W. & S. 488 ; Mead v. Leffingwell, 83 Pa. 191.

There is no conclusive presumption, no presumption juris et de jure, which forbids a daughter taking from her father a transfer of an inchoate possessory title and carrying it forward to completeness, because she is married and her husband lives with her. In the present case it was a question of fact for the jury whether Sally Ann Collins had so done.

Whether the possession is to be considered that of Sally Ann Collins or that of her husband, in either case, a continuous, adverse possession against the Wurt's title, for twenty-one years during his lifetime would avail as a defence in the present issue, and therefore it should not have been taken from the jury.

If the ejectment commenced in 1853 against William Collins had been prosecuted to judgment and execution in his lifetime, the plaintiff therein would undoubtedly have been put in possession of the land, for it was the duty of William Collins to defend the possession of the land under his wife's title, and execution could not have been hindered by reason of his neglect so to do : Johnson v. Fullerton, 44 Pa. 466. But as is shown in that case, Sally Ann Collins' title would not have been affected by such verdict and judgment. If made aware of the judgment in time she should have applied to have it opened and a defence allowed : Lewis v. Brewster, 57 Pa. 410 ; Pederick v. Searle, 5 S. & R. 236 ; Lewis v. Bradford, 10 Watts, 67 ; Schall v. Williams Valley R. R., 35 Pa. 191.

But in this ejectment no judgment was at any time entered, and of course no execution, and it had no effect whatever on the possession. Nothing is clearer than " that such a recovery " is not equivalent to an entry even to bar the statute of limitations, and therefore not equivalent to actual possession : Powell v. Smith, 2 Watts, 126 ; Caldwell v. Walters, 22 Pa. 378 ; Workman v. Guthrie, 29 Pa. 495 ; Bennett v. Morrison, 120 Pa. 390.

Where a charge as a whole misleads the jury it is error : Wenger v. Barnhart, 55 Pa. 300 ; Stall v. Meek, 70 Pa. 181, Pa. Canal Co. v. Manning, 87 Pa. 240 ; Bisbing v. Third Nat. Bank, 93 Pa. 79.

*Edward A. Lynch, James L. Lenahan* with him, for appellee.
—There was no sufficient evidence of any disputed facts to
submit the question to the jury ; and the legal conclusions were
clearly in line with the authorities on this question: Sed. &
Wait, Trial to Title to Land, § 255 ; Rose v. Bell, 38 Barb. 25 ;
Walker v. Reamy, 36 Pa. 410 ; Bellis v. Bellis, 122 Mass. 414.

The evidence of the ejectment against Wm. Collins was
properly admitted: Truby v. Seybert, 12 Pa. 101 ; Johnson v.
Fullerton, 44 Pa. 466.

The testimony regarding the lease was not submitted by the
court to the jury, as appellant's counsel argues, to estop appel-
lant from impeaching the Wurts title, under which she joined
her brother, the appellee, as a purchaser, and which title she
recognized under said lease, but simply as a " circumstance to
show the nature of her possession." We submit that the ap-
pellee was entitled to have this testimony, if believed by the
jury, submitted to them as an absolute estoppel of her right to
deny the Wurts title, and that under which she leased: Horton
v. Davidson, 135 Pa. 186 ; Miller's Ap., 84 Pa. 391 ; Sutton's
Ap., 112 Pa. 598 ; Woodward v. Tudor, 81* Pa. 382; Velott
v. Lewis, 102 Pa. 327 ; Weaver v. Craighead, 104 Pa. 288.

The court would have been justified in giving the jury binding
instructions to find the verdict they did, instead of submitting
to them as questions of fact, whether the appellant had made
out a defence of " actual adverse, notorious, open, and exclusive
possession to the premises : " Horton v. Davidson, 135 Pa. 186 ;
Donavan v. Driscoll, 93 Pa. 509.

At common law a married woman living with her husband
could acquire title to land by adverse possession, but we do not
think she could do so without the express or implied assent of
her husband. Where this is shown, the possession, although,
strictly speaking, that of the husband, would inure to her ben-
efit, and if continued long enough would finally ripen into title :
Sawyer v. Kendall, 10 Cush. 241.

OPINION BY MR. JUSTICE WILLIAMS, October 2, 1893 :

The plaintiff claims an undivided one fourth part of the
tract of land described in his writ, and has traced the title to
the whole tract from the commonwealth down to himself, his
two brothers, and his sister, the defendant, as tenants in common.

She does not attack the validity of this title, or the regularity of the conveyances, but seeks to interpose between herself and it the statute of limitations. This makes her an actor, and requires her to show by competent evidence all the ingredients necessary to make a title by possession. She must show an actual, visible possession, exclusive and hostile, and continued without interruption for twenty-one years prior to the bringing of this suit. The first step to be taken is to show when and how her possession, or the possession of those under whom she claims, began, in order to fix the point from which the computation is to be made. Upon this subject she sought to show that her grandfather, John Shepherd, entered upon the tract and made the first improvement upon it some time prior to 1827, and on the tenth day of January of that year sold and transferred his possession to his daughter, Sallie Ann, then the wife of William Collins, by an instrument in writing. Her contention is that Sallie Ann Collins went into possession under this sale to her, and remained with her family, living upon and cultivating the land till her death in 1879. This possession extending over half a century, she claims to have acquired by means of a sheriff's sale made in 1884 to one Morris, whose title she now holds. In this way she seeks to show a possession beginning prior to 1827, transferred by John Shepherd, her grandfather, to Sallie Ann Collins, her mother, and, by means of the sheriff's sale of her mother's title, now vested in herself. As this action was brought in 1889 and the entry and improvement are thus placed as early as 1826, she claims to have shown a possession just three times as long as the statute requires. To defeat this title by possession the alleged transfer by John Shepherd to Sallie Ann Collins was attacked. A recovery in ejectment by the holders of the legal title against her husband and Truxton Benedict was shown. Declarations of her husband were admitted tending to show that he claimed some title to the land independently of her. The facts that the defendant joined her brothers in purchase of the legal title and that she took, or allowed her name to be used in taking, a lease from them for the land, were set up as a recognition by her of the legal title, sufficient to change the character of her possession and defeat her title under the statute.

To guide the jury in passing upon these questions of fact

the court was asked to give instructions to them upon certain legal questions submitted in writing, and it is with these instructions that we have to deal.   The first assignment of error calls attention to the following instruction given by the learned judge while speaking of the transfer by John Shepherd to Sallie Ann Collins, and its effect.   He said: "We instruct you that the circumstances are not sufficient to overcome the radical, legal presumption that the possession of a husband and wife in joint occupancy of premises as a home is the possession of her husband."   In the absence of evidence upon the subject, the legal presumption supplies the want of evidence, but here, evidence was given tending to show how the possession of the family of Mrs. Collins began and under what right or title it was taken.   If the jury rejected this evidence as untrustworthy then resort could be had to the legal presumption.   If they did not reject it then they would be justified in finding that possession was entered upon under the title shown.   It was a mistake therefore to take this question from the jury by a binding instruction.   It is true, as the learned judge said, that it did not appear that John Shepherd had any title to the land.   He might have gone further and stated that it was evident he had no title.   He had a possession, however, if the testimony on that subject was credited.   This possession if undisturbed might ripen into a title under the statute of limitations.   A transfer of his possession to another who entered under it would enable the transferee to tack that possession to his own in order to complete the statutory period.   It was therefore competent evidence on the subject of how Mrs. Collins and family entered upon the premises, to show that she had acquired the possession of a mere trespasser; and if she did acquire it, and enter under it, she had a right to tack the possession so acquired by her to her own.   In the eighth assignment substantially the same error is pointed out.   The learned judge was asked to say that if the jury should find that Mrs. Collins entered under the transfer from her father, and continued uninterruptedly in possession claiming the lands as her own for twenty-one years prior to the recovery against her husband and Benedict, then her title was complete at that time and would not be affected by that recovery.   This the learned judge answered in the negative. Having told the jury as matter of law that she did not so enter,

but was conclusively presumed to have entered under her husband, this answer was consistent; but if, as we hold the question under what right or authority the entry was made and possession taken was for the jury upon all the evidence, then this answer was wrong. Again in the ninth assignment our attention is called to an answer that may have been made upon the same theory. The court was asked to say that if the jury should find that she took possession in her own right and continued it for twenty-one years her title would not be affected by the acts or declarations of her husband. The reply was " this is answered in the negative." As applicable to the facts in this case as they are alleged to be by the defendant, this was error. The point assumed a finding by the jury that Mrs. Collins had entered under the transfer from her father, and had continued for twenty-one years after her entry to hold possession. Upon these facts the court was asked to say that her title could not be talked away by her husband. The point assumed a valid title under the statute. We do not see how her husband could talk away this title any more than if his wife had acquired her title by deed from those who held under the patentee. No matter how her title accrued, when once it was vested, neither her husband nor any one else could destroy it by his acts or words. We regret to disturb this verdict and protract this litigation, but we cannot say that the verdict might not have been different had the jury been left to pass upon the evidence relating to the transfer from John Shepherd to his daughter, and the alleged entry under it by Mrs. Collins and her family.

The judgment must be reversed and a venire facias de novo awarded.